Call the first case, please Good morning, your honors. My name is Maria Harrigan. I represent miss Balthazar in this case Good morning, Ms. Harrigan This morning I'm going to be discussing the second and possibly the first issue raised in my brief that trial Counsel was ineffective and the state did not prove miss Balthazar guilty beyond a reasonable doubt This was an identification case the key question who attempted to withdraw funds from miss Chiokas account Could have been best answered by the bank security video, but unfortunately the state Witness lost that video as a sanction for losing Well the defense obviously did because of what he did here, but This to sanction the state the trial judge barred consideration of video a trial Despite the judge's ruling it was defense counsel who in cross-examination of the state's first witness who was the bank's security manager Bank manager he brought up the identification made from the video in the cross-examination of her and Therefore after he opened this door the state was able to question other witnesses about the that identification and another identification That was made from the video Counsel's actions were inexplicable and he was wholly ineffective for Raising this in cross-exam And this is best illustrated by trying by comparing the trial that was with the trial that would have been without the video the trial that we had The state was allowed to reduce to pretrial identifications and to in-court Identifications of miss Balthazar as the offender one came from an eyewitness Aladdin the bank manager and one came from someone who had known miss Balthazar that was the account holder She was not an eyewitness, but she said that she knew miss Balthazar from the shelter She worked at a few months prior without the video the identification evidence consists of a single in-court identification made by the bank manager Three years after the offense of Based of a stranger who the bank manager briefly saw over a bank counter for possibly a few minutes the difference between these two trials demonstrates the prejudice Resulting from counsel's actions a single identification made by a stranger three years later Is a decidedly weaker case than a case where the state is allowed to present two pretrial identifications and two in-court Identifications where identification is the key issue There is a reasonable probability that but for counsel's actions the outcome of this trial would have been different This comparison also shows why counsel this can never be considered a reasonable sound trial strategy for Defense Counsel Absent counsel's cross-examination of Aladdin the video never would have come in it was out period the state argues that the defense wanted to portray the Investigation as shoddy or may possibly the state witnesses as bumbling And this would have been sound trial strategy had the state been allowed to introduce the identifications of the video Or if they did an end round and run around the trial judges Ruling and introduced it anyway the state didn't do that the state obeyed the trial judges ruling did not Prosecutor did not question Aladdin about her pretrial identification Isn't a little bit of Monday morning quarterbacking I mean, how do you know the outcome would have been different if counsel didn't take this posture trial? Well all you can as I as I as I state you don't have to know it for sure would have been different There has to be a reasonable probability that it would have been different, and if you have if you compare a single in-court identification Three years after the offense of somebody who was disguised who the person saw briefly three years after the offense She the what do you counter her? Identification with you count her her identification with the defendant's testimony, I guess Right yes the defendant to testify so and the the defense attorneys What he was trying I assume he or she was trying to do was just to make it look bad Because the tape wasn't around Again, but the tape wouldn't have the jury would have heard nothing about the tape at all So it would be as if the first identification came in court three years later if we didn't have the tape well, what do you counter that was you've got testimony that the Witness the witness gets on the stand and says yeah That's the woman that did this on this date and presented these documents to me To get this money out And what are you going to counter that well the defendant has never? Defendant testified that it wasn't her and she never made any pretrial statement that it wasn't her Let's assume that happens and then the jury goes out and they deliberate and what do they do? That's the termination of the jury, but if they haven't before them only one in-court identification, that's a long time removed from the offense as opposed to a pretrial identification made two months after the offense By the bank manager in addition to her in-court identification that is significantly stronger case for the state and that Possibly could change the jury's credibility determination toward the state whereas here if we just have he said she said The jury there's a more reasonable probability that the jury would have found for the defense defendant bring forth any Corroboration relative to where she was that day or anything? She did she just testified that she was that she's never been in that bank branch big branch of the bank And she wasn't I it was not her okay the Counsel compounded his ineffectiveness when he failed to propose the non-ipi instruction that his client would be entitled to To tell the jury how they could consider the fact that the evidence that the tape was lost They could consider if they want to they could make the inference that the the Content of the video would actually support the defense as opposed to the state There was absolutely no reason for counsel not to propose This instruction counsel's a strategy according to the life. Yeah, it's not it's a non-ipi instruction fashioned by the US Supreme Court in Youngblood Illinois case Dan Danielli suggests that this would be an appropriate instruction in in this situation Isn't there one I mean she was It's borrowed from the civil. There's other states where there actually are Criminal, maybe we ought to talk to the legislature and get them to put something like that in right I Think they're busy with a budget at the moment So there was no reason for counsel not to propose this instruction if his whole Strategy and bringing this in was to show the state's incompetence the shoddy investigation What better way to show that then by tell actually telling the jury? That they could infer that the missing piece of evidence was negative was against the state What do you think the possibility would be that the judge? The experienced trial judge would have said this is a non-ipi instruction refused But the case law indicates this is the this is the situation That this instruction should be given. I suppose if defense had proposed it and it was refused. That would be my issue on appeal She was definitely prejudiced by Counsel's failure to request the instruction the state says there's no prejudice because the jury heard that tape was lost and the defense counsel was able to argue about the Incompetence of the investigation and even maybe imply that this tape might have hurt the state. So it was lost purposely However, the jury was never actually told that they can make that inference under this situate under these circumstances where the identifications was the only real issue in this case The probability that the instruction would have changed the outcome of the trial is is evident rendering counsel ineffective under the Strickland standard It is also our contention that even with the identifications from the video the state's case was weak It's weaker without it, but it was still weak. There was a long time between the in court and Identification the offense the bank manager didn't know miss bouts are she identified the offender after briefly looking at her never Provided a description to state argues that she was looking at the ID and looking at the at the offender And so she had she was certain in her identification, but there's no We don't have that driver's license We don't know what that picture looks like and she never made any she never gave any description Any testimony relative to the type of disguise or how it was a wig and in sunglasses I believe was the two things that were mentioned that was was mentioned. Yes So absent any reliable corroborating links tying miss Balthazar to the offense the single eyewitness identification Along with miss Chioka's testimony was just not sufficient to convict her If your honors have no other questions the state in conclusion the state's case was weak It would have been weaker had counsel not opened the door to additional testimony against his client or in the alternative Counsel should have at least proposed that instruction We was a distinction between picking maybe a wrong trial strategy versus one that shows incompetence There it is and it is our contention that there is under no circumstances. Could this be? the the strategy has to be sound and has to be reasonable and there are no circumstances where this could be an Unreasonable that this could be a reasonable strategy. There's no there's no absolutely. This is classic incompetence You're bringing in evidence against your client and you're not proposing an instruction that could have Ameliorated that situation. Those are two two instances of ineffective assistance of counsel We request that this court either reverse miss Balthazar's conviction or the in the alternative reverse her conviction and remand this cause for a new trial Thank you Mm-hmm Why did he do it He did that because given what he was presented with That was the most sound strip trial strategy that he could have come up with I'd like to start by pointing out what the trial judge's ruling really was because I think that's a little bit of a misapprehension Before this court First of all, there was no discovery motion filed in this case Your name oh, I'm sorry, your honor Good morning. My name is Carol Gaines and I represent the people of the state of Illinois Grace, I wrote this brief, but I'm arguing the case today Again first of all, there was no discovery motion filed in this case at all on several occasions prior to trial The defense attorney was looking for that tape He indicated that he subpoenaed the tape from the jewel the jewel didn't have it I think was in the jewel on the trial judge set it for final state of state and all the trial judge There's a sua sponte ruling. Nobody asked for a ruling on what was or wasn't going to be admissible Regarding regarding the tape the judge makes a sua sponte ruling if no tape produced all tapes are barred on the next court date It's the final status date state says I don't have it defense says I don't have it The judge says again videotaped is barred now. There's no request for any clarification of that ruling There's no request by the defense attorney or or by the defense attorney who says well judge What's really excluded any references to testimony any testimony concerning the tape? He didn't ask to have any part of that suppressed. He didn't ask for any further clarification of that ruling So when the trial started both parties were talking about the tape There was no objection the trial judge doesn't interject from opening statement and say well, wait a minute You're exceeding the parameters of my ruling Nothing like that the tape was missing Obviously the tape itself wasn't going to come in but that doesn't mean the testimony Regarding the identification procedures that took place were not permitted to come in the defense attorney knew from the get-go That he was going to use that piece of evidence to the defendants advantage And he knew exactly what he was doing and it was a smart and sound trial strategy from the beginning The loss of that tape inert to the defendants benefit It was a windfall for the defendant because the jury wasn't going to see the defendant on that tape stepping up to the bank teller that day and he was going to be able to argue up and down through cross-examining the witnesses and Pointing out the ineptness and the ineffectiveness of the state's investigation of this case, and that's exactly what he did He started with opening statement, and what does he say well? There's no surveillance tape jury It was in existence it was shown to abby aladdin, but now the tape is gone It follows with the cross-examination of both abby aladdin and detective emmett And he used it to the health and he used it to show that the state's Identifications of the witnesses were unreliable because they were based on a tape that no longer existed He used it with detective emmett to show that for 30 years this detective was a 30-year veteran of law enforcement You lost the tape you didn't mark it. You didn't you didn't preserve it. You didn't log it into evidence What kind of what kind of police investigation is that? He used it to the health and he used it in pursuance of a very sound trial strategy and in closing argument He really hit it home all he had in the audit this what the state had in this case were the identifications by both witnesses and in closing argument to Undermine the reliability of those identifications the defense attorney hit at home on no less than a dozen occasions Permeated his closing argument what he wanted to say is surveillance tape. We don't have it 30-year veteran He loses a tape you're gonna believe what he says. He's got 30 years of experience Come on, join the reality that would have been helpful to have the tape. We don't have it What is shown with the defendant did we don't have it? You can't believe the state's witnesses because that tape we don't have the tape to prove what they're actually doing in their Identifications of this particular defendant it'd be a travesty of justice to find her guilty All the things he argued up and down he told the jury you should be concerned The state hasn't provided you for the tape, which would have been cooperating evidence of the Identifications. Also, can I ask you there's no specific case law relative to a competence of counsel on these kind of facts. That's correct So and I I would point out also with respect to the instruction There is no case law that says it's ineffective assistance of counsel not to tender a non-ipi Missing evidence instruction, so it's just so interesting to hear the argument to hear from the defense counsel It would be my god It's so obviously in competence of counsel and to hear from you It was so obviously good trial strategy And I think it was if you you know I'm sure you've read the record and as you do read the record he did I think this defense attorney did an outstanding job at Defending his client given the circumstances that he was presented with Well, that's That's why we're here Driven by the result in the case I don't think necessarily so I think in response to counsel's argument about well without the tape What would you have had you still would have had the eyewitness identification by? By Abby Aladdin the bank the bank supervisor who we would submit Her testimony was certainly sufficient under the five test part Five part test under slim to make her identity her identification positive She had an opportunity to observe the defense. She stood right in front of her as a bank teller She's there's nothing obstructing her view She's looking at her because what this woman is presenting her with is documentation that doesn't make sense to her So she's taking her time to look at this this person and see who she is the degree of attention is clear As far as the tape would have been the only kind of direct evidence other than the eyewitness testimony of the one witness and then the circumstantial without the testimony of Mrs.. And I want to mispronounce geo guy. I think I mean is that important to the Backfinders finding here or not well. I don't think the absence of the tape necessarily precludes her testimony that she knows the defendant I mean she would still have been able to testify that I know this defendant She said she was a a a resident in the in the domestic violence shelter where I work I've had meetings with her I've been in a closed small room with her in fact the defendant testified that just in the month before This crime occurred she was in that shelter for 30 days and during that 30 days She sat in a small little room with the victim or miss Chioca It's hard to pronounce um. I don't even know if that's right. This is some odd concept odd thing that happened No, I think it's a certainly a circumstance that makes an opportunity for this defendant to avail herself of the victim's License and bank account information just a month before the crime She's in a room with her where she gets called away on an emergency to go check on another child. She leaves her purse behind What a remarkable circumstance that 12 days later or two weeks later on December 12th after she leaves that shelter on November 30th She's standing there presenting Abby Aladdin at TCF Bank with a deposit of withdrawal slip in Ellen Chioca's name Trying to take $4,700 out of her bank account with an identification with Ellen Chioca's name But but the defendants picture in it. I mean that's a circumstance that you can't Ignore, I think without the tape you still would have been able to have Ellen Chioca's testimony that she knew this defendant She knew her from the from and she didn't just pass her once or twice. It wasn't just a fleeting moment She knew her body She knew her body language. She knew her mannerisms. She knew her Face she knew her that doesn't change three years later when you know somebody you know them three years later and I think the fact that three years without the tape the three years that passes between When the bank teller makes the identification a trial is a question and an issue for the trier fact It's one consideration in those five factors under the slim test I Briefly just to return to the jury instruction issue Again, there hasn't been a case that says counsel's ineffective for not giving it It is a non-IPI instruction and in order for the defendant to prevail here She has to show that the failure to tender a non-IPI Was objectively unreasonable and that the jury would have acquitted the defendant had the instruction been given If you look again at what the defense attorney argued in closing argument, he certainly argued that instruction He voraciously argued that the absence or the loss of that tape was detrimental to the state's a case Undermine the reliability of the identifications and the investigation He was really given an opportunity to argue that and I think that was not ineffective It would not have been ineffective account of ineffective assistance of counsel for him not to tender it For those reasons your honors and the other reasons stated in the people's brief We would ask that you affirm the defendant's conviction for attempt theft Thank you As far as the judges original ruling goes and he said that the tape was barred the prosecutor apparently understood the ruling to mean that No, no testimony from the tape come out because the prosecutor did not ask Gabby Aladdin about that pretrial identification at all It wasn't the defense counsel that brought that up first and the state even objected it This would have been a sound trial strategy again If the state could have introduced these identifications and talked about the tape Then it would have been a sound trial strategy to make the state look bad for losing the tape make Detective Emmett look bad or bumbling for losing the tape. However, if they weren't coming in at all There's absolutely no reason for the defense counsel to basically set up a straw man bring in bad evidence and then argue against it Was it the prosecutors trials strategy not to discuss the tape then or was he Understanding the ruling of the judge was no discussion of the tape. Well, I'll take going It's our contention that there's no if this the judge said tape are the state didn't I don't know I don't know why the state would not ask their witness about a pretrial identification if They thought that they could The as far as the jury instruction, although there's no case on point it may be because this situation has never happened here However, even though it's a non-ipi instruction it it would be completely appropriate in this case Defense does not have to say for sure that the defendant would have been acquitted just that there's a reasonable Probability that the trial would have been different had counsel performed effectively and As far as the Ellen Shiokas testimony about knowing Miss Belzer. Yeah, she would have been able to put testify to that, but she wouldn't been able to testify I saw this video and I said that Sharon and she didn't know her as a friend She saw her and treated her son in a very busy women's shelter for one like a period of 15 minutes half hour Three three over three years before the trial. So this isn't somebody that she has an intimate acquaintance with Assumingly this woman works in the shelter and sees lots of patients. So therefore again, we request that This court, please reverse miss Belzer's conviction. Thank you Thanks